IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIKE K. STRONG,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CALIBER HOME LOANS, INC., et al.,<br><br>　　　　　　　Defendants. | 8:17-CV-485<br><br>MEMORANDUM AND ORDER |

　　　　The plaintiff, Mike Strong, is a persistent litigant. Another word that might be used is "vexatious." Strong has spent the last 5 years repeatedly raising the same spurious claims in different courts. Each court has rejected his claims, and rightly so. This Court will do the same: Strong's claims remain meritless, and what's more, they're barred by res judicata. The Court will dismiss Strong's complaint with prejudice.

BACKGROUND

　　　　The subject of this litigation is a residential property in Sarpy County, Nebraska that is allegedly the target of a nonjudicial foreclosure pursuant to the Nebraska Trust Deeds Act, Neb. Rev. Stat. § 76-1001 *et seq. See* filing 24 at 2-3. The named defendants are Caliber Home Loans, Inc; U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust; Kozeny & McCubbin, L.C. ("K&M") and Kerry Feld, Successor Trustee; and HSBC Mortgage Services, Inc.: all parties that, according to Strong, are involved in conspiracy and fraud with respect to the "promissory note, mortgage and deed of trust" associated with the property. *See* filing 24. Generally speaking, Strong's allegations revolve around the allegedly illegitimate assignment of the

promissory note used to buy the property and the deed of trust that secured the note. *See* filing 24. Strong claims that because the assignments were invalid, so too are the ongoing attempts by the current holder of the deed of trust to foreclose on it. *See* filing 24. But first, it's necessary to back up a bit.

In 2013, Strong filed a "Memorandum in Support of Declaratory Judgment" in the U.S. Bankruptcy Court for the District of Nebraska, naming HSBC Mortgage Services as the defendant.[1] Bk. No. 13-8038, filing 1 at 1. (This was before HSBC eventually assigned the deed of trust to U.S. Bank Trust.) He asserted in that adversary proceeding, "[a]t issue is who the Holder is and whether the Defendant has the authority of or from the Holder. There is no evidence that support the Defendant as having any authority to claim the position of creditor." *Id.*, filing 1 at 1. He asserted that HSBC was required to "produce the original wet ink signature as evidence showing the true chain of title transfer leading to the Defendant, endorsing the Defendant as the Holder in Due Course." *Id.* at 5. He also filed a "Declaratory Judgement of Verification of Debt," in which he *admitted* he had signed a promissory note and deed of trust with HSBC in 2007, but still asserted that it was uncertain who actually held the note and deed of trust. *Id.* at 12. The adversary proceeding was dismissed after Strong failed to oppose HSBC's motion to dismiss. *Id.*, filing 8.

In June 2015, Strong filed a Chapter 13 bankruptcy petition, in which he listed the real estate as an asset he owned in fee simple, subject to no secured claims. Bk. No. 15-80985, filing 1 at 8. He listed HSBC, K&M, and Caliber as unsecured creditors, and described HSBC's claim as "disputed." *Id.* at 17. He later filed a "Memorandum in Support of Declaratory Judgment" that was, in substance, the same as his 2013 memorandum. *Id.*, filing 13. The

---

[1] Strong has pursued several bankruptcy proceedings over the years, but only the most relevant ones will be recounted here.

trustee moved to dismiss Strong's case, asserting that Strong's *actual* debts (as opposed to those disclosed in his petition) made him ineligible for Chapter 13 relief. *Id.*, filing 38. The bankruptcy court granted the motion. *Id.*, filing 42.

Strong's 2015 memorandum was the initial pleading for an adversary proceeding against HSBC, K&M, and Caliber. Bk. No. 15-8029, filing 1. He also filed an "Affidavit of Truth" reciting the various ways in which he had demanded HSBC provide him with proof of its authority to enforce the debt, and asserting that because HSBC had refused his demands, there was "no evidence that HSBC Mortgage Services Inc. was put at risk by extending the above-referenced loan of credit[.]" *Id.*, filing 3. So, he said, because HSBC "has not put forth any consideration in the alleged contract" it "is null and void." *Id.*, filing 3. He followed that up with a "Declaratory Judgement Verification of Debt," again demanding the defendants "provide proof of claim of perfection of their security interest as well as claim as a creditor." *Id.*, filing 28 at 4.

HSBC moved to dismiss the adversary proceeding, based on the fact that the mortgage loan had been sold to Caliber, and that HSBC was not the owner of the note, holder of the deed of trust, or servicer of the loan. *Id.*, filing 43. The bankruptcy court granted that motion. *Id.*, filing 57. Caliber and K&M also moved to dismiss the adversary proceeding. *Id.*, filing 51. They argued that Strong's allegations of mortgage fraud were legally insufficient, and that Strong's pleading failed to state a claim. *Id.*, filing 52. That motion was also granted, and the adversary proceeding was dismissed. *Id.*, filing 58.

At some point either shortly before or during the 2015 bankruptcy proceedings, HSBC assigned the deed of trust to U.S. Bank Trust. *See* filing 18-3. Strong was provided with written notice of the sale of the mortgage loan. Bk No. 15-8029, filing 28 at 37. But even before the bankruptcy proceedings had been dismissed, Strong was in the District Court for Sarpy County,

- 3 -

Nebraska, filing his "Verified Complaint Quiet Title Action Declaratory Judgment" against HSBC, "Caliber Home Loans, Inc. - U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust," K&M, and Feld. No. 8:15-cv-466, filing 1-1 at 18. He again alleged, among other things, that there was "significant controversy and clouding of the title to the property and Deed of Trust" because there was " no evidence of transfer of ownership from the true party of interest to the Defendants." *Id.* at 25. Strong asserted that the deed of trust and promissory note were connected, such that "[w]here the promissory note goes, the Deed of Trust must follow." *Id.* So, Strong concluded, because they didn't possess the note, they didn't have the right to enforce it by foreclosing on the deed of trust.[2] *See id.* at 25-26.

After the case was removed to this Court, Strong filed an amended complaint asserting the same theories. *See id.*, filing 26 at 11. Each defendant moved to dismiss the complaint. *See id.*, filing 37 at 1. The Court found that Strong had failed to state a plausible claim upon which relief could be granted, and dismissed his amended complaint without prejudice. *Id.* at 15. Judgment was entered on October 24, 2016. *Id.*, filing 38. Strong initiated the present case back in Sarpy County district court on November 17, 2017. Filing 1-1. The case was again removed to federal court. Filing 1. Now, each defendant moves to dismiss. Filing 26; filing 32; filing 34.

STANDARD OF REVIEW

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This

---

[2] That's a clear iteration of the "show me the note" theory that's been soundly rejected by the courts to which it's been presented. *E.g. Lackey v. Wells Fargo Bank, N.A.*, 747 F.3d 1033, 1037 (8th Cir. 2014); *Butler v. Bank of Am., N.A.*, 690 F.3d 959, 962 (8th Cir. 2012)

- 4 -

standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.*

And to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id.* at 679.

Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See Twombly*, 550 U.S. at 545. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id.* at 556.

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. If the Court considers matters outside the pleadings, the motion to dismiss must be

converted to one for summary judgment. Fed. R. Civ. P. 12(d). However, the Court may consider exhibits attached to the complaint and materials that are necessarily embraced by the pleadings without converting the motion. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). Documents necessarily embraced by the pleadings include those whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). The Court may also take notice of public records. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

## DISCUSSION

The defendants, for the most part, advance the same arguments. Each argues that Strong has failed to state a claim. Filing 27 at 13-15; filing 33 at 2-4; filing 35 at 8-11. In addition, each defendant argues that Strong's claims should be dismissed as precluded by res judicata. Filing 27 at 10-12; filing 33 at 5-6; filing 35 at 10. And K&M, Feld, and HSBC argue that Strong lacks standing. Filing 33 at 4-5; filing 35 at 8. The Court disagrees with the defendants on standing, but agrees with respect to res judicata and Strong's failure to state a claim.

### STANDING

The defendants' standing argument is premised on a reading of Strong's complaint as seeking to void the assignment from HSBC to U.S. Bank Trust: they each cite *Marcuzzo v. Bank of the West* for the proposition that "a borrower who is not a party to a mortgage assignment, or a party intended to benefit from the assignment, lacks standing to challenge the assignment." 862 N.W.2d 281, 290 (Neb. 2015). That's true enough, under state or federal law. *See id.*; *see also, e.g.*, *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372 (8th Cir.

[2016)](). But, while Strong's complaint is certainly not a model of clarity, it does appear to the Court that he's doing more than challenging the assignment: rather, the focus of his complaint is on the purported fraud that, he says, is responsible for the current foreclosure attempts. *See* [filing 24](). And, he seems to be suggesting that the assignment was not only voidable, but void *ab initio*: an argument that the *Marcuzzo* court expressly distinguished from the plaintiffs' argument in that case that the assignment was ineffective because of deficiencies in the defendants' paperwork. [862 N.W.2d at 291-92](). In other words, Strong isn't so much challenging the assignment as *presuming* it's invalid as a premise for his other arguments.[3] So, *Marcuzzo* and *Brown* are not precisely responsive to Strong's theory.[4]

As a general principle, the heart of standing is that in order to invoke the power of a federal court, a plaintiff must present a "case" or "controversy" within the meaning of Article III of the Constitution. [*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009)](). This irreducible constitutional minimum of standing requires a showing of "injury in fact" to the plaintiff that is fairly traceable to the challenged action of the defendant, and likely to be

---

[3] Some of Strong's claims *might* be read to seek avoidance, instead of assuming it. His complaint isn't always clear, and it is certain that many of his arguments would be expected from HSBC instead of him. But from an excess of caution, because Strong's claims are ambiguous, the Court will give him the benefit of the doubt on this point. Nor is it clear why the defendants are pressing a standing argument, because they also want the Court to dismiss Strong's complaint *with prejudice*. [Filing 33 at 7](); [filing 35 at 12](). But that would be inconsistent with the conclusion that Strong lacked standing. *See* [*Cty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464-65 (8th Cir. 2004)]().

[4] The Court recognizes that *Marcuzzo* was relied upon in dismissing the 2015 district court case. *See* [Case No. 8:15-cv-466, filing 37 at 14-15](). But the Court did so in disposing of a quiet title theory that Strong doesn't seem to be advancing in his operative pleading in this case.

redressed by a favorable decision. *Id.* In most cases, a plaintiff's standing tracks his cause of action: that is, the question whether he has a cognizable injury sufficient to confer standing is closely bound up with the question of whether and how the law will grant him relief. *Id.*

But it is "important not to conflate the injury and traceability requirements of a standing analysis with the plaintiff's ultimate burden of proof as to the issues of damages and causation at a trial on the merits." *Brown v. Medtronic, Inc.*, 628 F.3d 451, 457 (8th Cir. 2010). Generally, Article III requires injury to the plaintiff's personal legal interests. *Braden,* 588 F.3d at 591. And here, given the theories of recovery he asserts, Strong has satisfied the requirements of Article III because he has alleged actual injury to his own interests. *Cf. id.* at 592. But that, of course, doesn't mean that his allegations actually warrant legal relief—while the defendant's actions have certainly inured to Strong's disadvantage, conferring standing to challenge them, what he hasn't done is allege *unlawful* actions. And as explained below, that's fatal to his claims.

## RES JUDICATA

The parties argue that Strong's present claims are barred by res judicata: specifically, that they are barred by the bankruptcy court's dismissal of the 2015 adversary proceeding. Filing 27 at 10-12; filing 33 at 5-6; filing 35 at 10. The Court agrees.

Res judicata, or claim preclusion, operates to preclude a party from relitigating the same cause of action. *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001).[5] As the Eighth Circuit has explained,

---

[5] Because the Court is considering the preclusive effect of the federal bankruptcy court's dismissal of the adversary complaint, it applies the federal common law of issue preclusion.

> [c]laim preclusion applies when there is a prior judgment rendered by a court of competent jurisdiction, that prior judgment was final and on the merits, and it involved the same cause of action and the same parties or privies. Res judicata bars claims that were or could have been litigated in the earlier proceeding, but it does not apply to claims that did not exist when the first suit was filed.

*Wedow v. City of Kansas City*, 442 F.3d 661, 669 (8th Cir. 2006) (citations omitted). But res judicata is an affirmative defense, and the burden of proof is upon the party asserting it. *Howard v. Green*, 555 F.2d 178, 181 (8th Cir. 1977).

Dismissal for failure to state a claim can be a dismissal on the merits. *Micklus v. Greer*, 705 F.2d 314, 317 (8th Cir. 1983). But when a court dismisses an action for failure to state a claim, it may do so with or without prejudice. *Orr v. Clements*, 688 F.3d 463, 465 (8th Cir. 2012). And a dismissal without prejudice does not operate as a rejection on the merits. *See Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995). Here, while the bankruptcy court granted motions to dismiss that asked for dismissal with prejudice, the bankruptcy court's text orders did not include that language. Nonetheless, the case, "while not explicitly dismissed with prejudice, was dismissed for failure to state a claim on which relief may be granted, which is a dismissal on the merits." *See Micklus*, 705 F.2d at 317. Strong's present attempts to reassert the same claims are barred by their previous dismissal.[6]

---

*First State Bank of Roscoe v. Stabler*, 247 F. Supp. 3d 1034, 1047 (D.S.D. 2017); *see Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Hill v. AMMC, Inc.*, 300 Neb. 412, 417-18 (2018).

[6] Contrary to Strong's suggestion, filing 41 at 6-7, the dismissal of claims presented in an a bankruptcy court adversary proceeding can have preclusive effect, *see In re Anderberg-Lund Printing Co.*, 109 F.3d 1343, 1347 (8th Cir. 1997).

It is true that Strong advances legal theories in his operative pleading that were not expressly asserted in the adversary proceeding. *See* filing 24. But res judicata bars relitigation not only of those matters that were actually litigated, but also those which could have been litigated in the earlier proceeding. *Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers,* 390 F.3d 1049, 1053 (8th Cir. 2004). Accordingly,

> reliance on different substantive law and new legal theories does not preclude the operation of res judicata. Where a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim.

*Id.* at 1052-53 (cleaned up). And here, the nucleus of operative facts is clearly the same, regardless of any new legal theories that Strong bases upon them.[7]

It's also true, as Strong points out, that Feld wasn't a party to the adversary proceeding. Filing 42 at 3. Nor was U.S. Bank Trust a named party in any previous action. Filing 41 at 3-4. And res judicata does not bar claims even arising out of the same facts against defendants who were not parties to the first action. *Headley v. Bacon,* 828 F.2d 1272, 1275 (8th Cir. 1987). An exception exists, however, for those who stand in privity to the defendants in the prior suit. *Id.*; *see Richards v. Jefferson Cty., Ala.*, 517 U.S. 793, 798 (1996). And in this case, the additional defendants are so closely related to the bankruptcy court defendants, and their interests are so nearly identical, that

---

[7] The only *possible* exception is Strong's Fair Credit Reporting Act claim, filing 24 at 20, although it's not clear. But as explained below, that's not a viable claim anyway.

it is fair to treat them as the same parties for purposes of determining the preclusive effect of the bankruptcy court's judgment. *See [Nw. Title Agency, Inc. v. Minnesota Dep't of Commerce,](...) 685 F. App'x 503, 505 (8th Cir. 2017)* (quoting *[Ruple v. City of Vermillion,](...) 714 F.2d 860, 862 (8th Cir. 1983)*).

In sum, it's clear that Strong's claims have been repeatedly litigated, and in particular that they were rejected on their merits in the 2015 adversary proceeding. Accordingly, they're precluded from reassertion.

### FAILURE TO STATE A CLAIM

For the sake of completeness, however, the Court also agrees with the defendants that Strong has failed to state a claim upon which relief can be granted. All of Strong's arguments fundamentally rest on the contention that because the defendants haven't provided him with the documentation he demands, the Court is required to assume fraud. But there's no authority to support that bit of attempted legal judo: it's Strong's burden to allege facts supporting his claims, and he hasn't.

To begin with, Strong's legal theories generally sound in fraud. *See* [filing 24](...), *passim*. And alleged fraud must be pleaded with particularity under [Fed. R. Civ. P. 9(b)](...). *[Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC,](...) 781 F.3d 1003, 1010 (8th Cir. 2015)*. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." [Rule 9(b)](...). "Under [Rule 9(b)](...)'s heightened pleading standard, allegations of fraud must be pleaded with particularity. In other words, [Rule 9(b)](...) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *[Crest Const. II, Inc. v. Doe,](...) 660 F.3d 346, 353 (8th Cir. 2011)* (cleaned up). The particularity requirement serves important purposes:

> First, it deters the use of complaints as a pretext for fishing expeditions of unknown wrongs designed to compel *in terrorem* settlements. Second, it protects against damage to professional reputations resulting from allegations of moral turpitude. Third, it ensures that a defendant is given sufficient notice of the allegations against [it] to permit the preparation of an effective defense.

*Streambend*, 781 F.3d at 1010. Accordingly, a complaint subject to Rule 9(b) "must specify . . . the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Id.* at 1013 (cleaned up).

Strong's allegations fall well short of these standards, because he can't specifically allege *anything* fraudulent: it's all based on inferences he says are supported by the defendants' failure to meet his demands for documentation. He can point to no legal authority requiring any of the defendants to meet those demands. And perhaps most fundamentally, he doesn't deny owing *somebody* money. (In fact, he specifically alleged that in some of his previous filings. *E.g.*, Bk. No. 15-8029, filing 1 at 11.) Presumably, if the assignment of the promissory note or deed of trust hadn't occurred, or such assignments were invalid—as Strong alleges—the note and deed would still rest with the original lender, HSBC. But HSBC is here, in court, saying otherwise. The important point is that there's simply no legal authority to suggest that, even if any assignments were ineffective, somehow the original obligations were discharged, dissolved, or just evaporated on their own.

And that fundamental misconception underlies each of Strong's claims. For instance, his first claim for relief is captioned, "Defendant U.S. Bank Trust N.A. Fraudulent Actions." Filing 24 at 4. But what he actually alleges is purely

speculative: he asserts that under "[b]asic trust law," the LSF9 trust must have "closed" at some point because "a trust must be CLOSED for it to pay the beneficiaries" and, he assumes, the LSF9 trust's investors wouldn't have been patient enough to wait for 3 or 4 years to receive income. Filing 24 at 5. To the extent that's not hypothetical, it's just nonsense: there's no reason a trust can't receive property and pay its beneficiaries if the terms of the trust instrument permit it and, in fact, that happens all the time. (For instance, that's a paradigmatic description of a revocable living trust.) There's just no factual basis in Strong's complaint for his conclusion that "U.S. Bank Trust N.A. does not hold or own the original residential loan promissory note or the mortgage/deed of trust." Filing 24 at 5. So, there's also no factual support for his claim that any attempt at non-judicial foreclosure based on the deed of trust is fraudulent.

Similarly, Strong's claim for relief captioned "Caliber Home Loans Fraudulent Actions" is premised on his assertions that no assignment to the U.S. Bank Trust could have happened and that Caliber has no contractual authority because it hasn't produced the contract for him. Filing 24 at 6. He contends, filing 24 at 7, that "[t]he mortgage servicing business seems to operate on the principle that the borrower has to pay because the mortgage servicer (a non-owner and non-holder of the note) says so"—but that's exactly right, if the mortgage servicer is hired to do so by the party that owns the debt. Nor does he claim that he is "at risk of paying the same debt twice, or otherwise at risk of prejudice from an improper assignment[.]" *Cf. Marcuzzo*, 862 N.W.2d at 291. Instead, he seems to be saying he doesn't have to pay the debt at all, which isn't how mortgage loans work. In any event, he has no support for the conclusion that by trying to service the loan, Caliber "has used mail and wire

fraud and fraudulent misrepresentations knowingly and wantonly." Filing 24 at 8. Strong asserts:

> The entire point of the previous complaint and the actions in U.S. Bankruptcy Court were to force these parties to produce the contracts and the original note and mortgage that obligate the Plaintiff to these Defendants.
> The Defendants have never produced the original note or mortgage.
> The sole reason they have not appears to be they are conducting a large and criminal fraud upon the Plaintiff.
> The Plaintiff therefore pleads fraud against the Defendants including mail and wire fraud until they actually do so.

Filing 24 at 8. But a plaintiff can't state a claim for fraud by just asserting that something is fraudulent until the defendants prove otherwise. *See* Rule 9(b).

Strong's third claim for relief, which is unclear but seems to be mostly directed at Caliber, is even more speculative. Strong cobbles together suppositions regarding the LSF9 trust, complains that there's no evidence of the trust documents, and guesses that "there is a separate and undisclosed 'Indenture Trustee' who actually owns or holds the promissory note and mortgage which is never claimed as a source of the Servicers' authority." Filing 24 at 10. So, he says, Caliber is engaged in fraud. Filing 24 at 11. But Strong's proclamations of fraud are precisely the sort of "conclusory statements" that the court cannot credit "without reference to [the complaint's] factual content." *See Iqbal*, 556 U.S. at 686. And Strong doesn't allege any *facts* that "nudged [his] claims across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570.

Strong's fourth claim for relief, aimed at HSBC, is based on the same unsupported premises. He asserts that HSBC and Caliber "engaged in a criminal conspiracy to sell a non-performing defaulted loan knowing that the note and mortgage were never accepted by the LSF9 trust[,]" but still has no factual support for the claim that the LSF9 trust couldn't have received an assignment. Filing 24 at 10. Instead, he "demands discovery to determine exactly how this sale was conducted and to determine the factual basis for these and possibly other claims all of which invalid the Mortgage Assignment against HSBC Mortgage Services, Inc." Filing 24 at 13. But that just admits he doesn't *have* a factual basis for his claims now—and "a plaintiff whose complaint does not state an actionable claim has no license to embark on a fishing expedition." *Artuso v. Vertex Pharm., Inc.*, 637 F.3d 1, 8 (1st Cir. 2011); *see Freeman v. Bechtel Constr. Co.*, 87 F.3d 1029, 1032 (8th Cir. 1996).

Strong's fifth claim for relief, again directed at Caliber, alleges something slightly new: he asserts that the assignment was fraudulent because the Caliber employee who signed it on HSBC's behalf simply listed her title as "authorized signatory." Filing 24 at 14; *see* filing 18-3 at 1. So, Strong says, her signature "is an additional fraud and forgery as the corporate title is not provided and there is no evidence that this person is a statutory officer or in the alternative holds any Power of Attorney or corresponding corporate resolution to sign for Caliber Homes Loans, Inc." Filing 24 at 14. But that's just a new spin on the same assumption Strong's made throughout his complaint: that everything is fraud until proven otherwise. There is no authority for the proposition that an assignment is invalid unless the agent who executes it recites her *curriculum vitae* underneath her name. The assignment was notarized and is facially valid, and the party with an incentive to object if the assignment was unauthorized—HSBC—isn't complaining.

Strong's next two claims for relief at least proffer different legal theories, but they're just as incorrect: he asserts a grab bag of claims—particularly directed at Caliber, K&M, and Feld—arising out of HSBC's substitution of Feld as trustee for the deed of trust. Filing 24 at 14-20. But his claims all purport to be based on a rule that a beneficiary to a trust cannot assign a successor trustee. Filing 24 at 15. That's a questionably broad proposition even at common law. *See generally Jones v. Shrigley*, 33 N.W.2d 510, 514-16 (Neb. 1948). But it's flatly contradicted by the Nebraska Trust Deeds Act, which expressly provides that

> [t]he beneficiary may appoint a successor trustee at any time by filing for record in the office of the register of deeds of each county in which the trust property or some part thereof is situated a substitution of trustee. From the time the substitution is filed for record, the new trustee shall succeed to all the power, duties, authority, and title of the trustee named in the deed of trust and of any successor trustee.

§ 76-1004(1). That clear statutory language is fatal to Strong's claim.[8]

Strong's last claim for relief cites the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*: he says that Caliber "without authority communicated fraudulent and false credit information to various national and local credit bureaus." Filing 24 at 20. Because Strong doesn't actually allege what was

---

[8] Strong also contends that the deed of trust is invalid, post-assignment, because it defines HSBC as "lender." Filing 24 at 17-18. That's equally nonsensical: it's common for legal documents to define the parties, but that doesn't mean they have to be re-written in order for one party to assign its rights to a successor. *See generally Burnison v. Johnston*, 764 N.W.2d 96, 99 (Neb. 2009).

reported, it's not clear whether the emphasis in that claim is on "false credit information," or if it's on "without authority" and "fraudulent"—that is, it's not clear whether Strong is actually saying there are errors on his credit reports, or whether this is just a rehash of his spurious claims about effective assignments and fraud. But even if he expanded on his allegations, he wouldn't state a claim: while furnishers of credit information have a duty to provide accurate information to a credit reporting agency, § 1681s-2(a), Congress did not create a private right of action to enforce that duty, § 1681s-2(d). In fact, Congress expressly precluded such actions. *See* § 1681s-2(d). So, Strong cannot sue Caliber (or any other defendant, for that matter) under the FCRA for, allegedly, making a false statement in credit reporting.

As a final matter, the Court takes note of Strong's persistent argument that all the motions to dismiss should be denied solely because, in his view, the defendants didn't narrowly limit their arguments only to the specific claims that were asserted against each of them. *See* filing 31 at 2; filing 41 at 1-3; filing 42 at 2-3. Strong insists that "[i]f one asks for a complaint to be dismissed, and only one count of that complaint applies to that defendant, the Court has no discretion to do anything but deny the motion." Filing 42 at 2-3. Of course, that's not how it works: the Court's discretion permits it to grant a motion in whole or in part, based on all or just some of the grounds asserted. And, in fact, because Strong's claims are factually intertwined, there was no need for the defendants to distinguish among them to contend—quite correctly—that their factual underpinnings were lacking. Law is a complex subject, and sometimes, technicalities can really matter—but even the most technical application of the law doesn't support the "gotcha" games that Strong is trying to play here, both in the briefing and on the merits of his case. The Court will grant the motions to dismiss.

CONCLUSION

Strong contends that the defendants "deliberately and intentionally took advantage of a home owner to steal his home without even the minimum of due process. . . ." Filing 24 at 18. But Strong doesn't deny taking a loan from one of the defendants to pay for that home, and he doesn't claim to have repaid his debt. Instead, he's claiming to have found legal technicalities that he says get him a free house and at least another $4.8 million in damages for the trouble the defendants have put him through while trying to get him to live up to his agreement to pay back what he borrowed. The Court's not persuaded that Strong is the victim here—and, more importantly, the Court is persuaded that Strong's complaint doesn't state a cognizable claim for relief.

Strong hasn't asked for leave to amend his complaint again. *See Drobnak v. Andersen Corp.*, 561 F.3d 778, 787-88 (8th Cir. 2009). But the Court wouldn't allow it in any event. "A district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Streambend*, 781 F.3d at 1015. This case presents all of the above: Strong's vexatious litigation appears to have been calculated to delay other proceedings against him, he's already amended his complaint once in this proceeding, and he's had more than enough chances to state a claim in the many pleadings and other filings he's presented to different courts over the years. The Court need not give him another—this needs to end.

IT IS ORDERED:

1. Caliber's and U.S. Bank Trust's motion to dismiss (filing 26) is granted.

2. Kozeny & McCubbin's and Feld's motion to dismiss ([filing 32](filing 32)) is granted.

3. HSBC's motion to dismiss ([filing 34](filing 34)) is granted.

4. Strong's claims are dismissed with prejudice.

5. A separate judgment will be entered.

Dated this 5th day of July, 2018.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge